August 22, 2007



Office of the Clerk
Northern District of California

RE:  Transfer of Jurisdiction of Uri A. Rogers

Our Case Number:    01cr153
Your Case Number:    0971/5:07cr513JF

Dear Clerk:

Please process this transfer of jurisdiction in accordance with the order signed by Judge Adams on July 18, 2007 and  filed on August 22, 2007, transferring jurisdiction .

Also, please acknowledge receipt on the copy of this letter.

Thank You.

Geri M. Smith, Clerk

/s/ Kelly Copeland
by: Kelly Copeland
Operations Specialist
216-357-7006

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER (Tran. Court) |
|---|---|---|
| | **TRANSFER OF JURISDICTION** | 5:01CR00153-001 |
| | | DOCKET NUMBER (Rec. Court) |
| | | 0971/5:07CR00513 JF |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Uri A. Rogers <br> ~~[address redacted]~~ <br> Santa Clara, CA 95050 | NORTHERN DISTRICT OF OHIO | Eastern |
| | NAME OF SENTENCING JUDGE | |
| | Paul R. Matia | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 03/26/2007    TO 03/25/2011 |

OFFENSE

21 U.S.C. § 841(a)(1) and (b)(1)(B), Distribution of Cocaine Base, a Class A felony.

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE **NORTHERN DISTRICT OF OHIO**

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the NORTHERN DISTRICT OF CALIFORNIA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

_7-18-07_  
Date

_[signature]_  
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_8/1/07_  
Effective Date

_James Ware_  
United States District Judge

_Kelly A. Copeland_

# United States District Court
## Northern District of Ohio
### Eastern Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**URI A. ROGERS** | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **5:01CR0153-01**<br>Counsel For Defendant: **Patricia A. Snyder**<br>Counsel For The United States: **Samuel A. Yannucci, Asst. U.S. Atty.**<br>Court Reporter: **Marian Banno** |

**THE DEFENDANT:**

[X] pleaded guilty to count(s)  1

[ ] pleaded nolo contendere to count(s)
    which was accepted by the court.

[ ] Was found guilty on count(s)
    after a plea of not guilty

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section<br>Number(s) | Nature of Offense | Date Offense<br>Concluded | Count |
|---|---|---|---|
| 21:841(a)(1) and (b)(1)(B) | Distribution of Cocaine Base | 08/04/00 | 1 |

The defendant is sentenced as provided in pages 1 through __5__ Of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s)

[ ] Count(s) _____ (Is) (are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: ▓▓▓
Defendant's Date of Birth: ▓▓▓
Defendant's USM Number: **65619-060**

Defendant's Residence Address:
Alliance, OH 44601

Defendant's Mailing Address:
(IN FEDERAL CUSTODY)

October 2, 2001
Date of Imposition of Judgment

*Paul R. Matia*
Signature of Judicial Officer

**Paul R. Matia**
Chief U.S. District Court Judge

Date: Oct. 2, 2001

FILED 01 OCT -2 AM 10: 20 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF OHIO CLEVELAND

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Geri M. Smith, Clerk
Kelly A. Copeland

15

DEFENDANT: **ROGERS, URI A.**
CASE NUMBER: **5:01CR0153-01**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **eighty (80) months**

■ The Court makes the following recommendations to the Bureau of Prisons:
**Placement at FCI Morgantown, WVA, if possible**
**Maximum amount of drug treatment during incarceration**

[X] **The defendant is remanded to the custody of the United States Marshal.**

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ At      A.m. / p.m. on

    ☐ as notified by the United States Marshal.

    ☐ The defendant shall continue under the terms and conditions of his / her present bond pending surrender to the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2:00 p.m. on the date indicated as notified by the United States Marshal.

    ☐ Before 2:00 p.m. on

    ☐ as notified by the United States Marshal.

    ☐ As notified by the Probation or Pretrial Services Office.

    ☐ The defendant shall continue under the terms and conditions of his / her present bond pending surrender to the institution.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ To _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy U.S. Marshal

Judgment-Page 3 of 5

DEFENDANT: **ROGERS, URI A.**
CASE NUMBER: **5:01CR0153-01**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 4 (Four) Years

The defendant shall report to the probation office in the district in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

Unless otherwise stated in this Judgment, the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

☒ **The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).**

☒ **The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at anytime at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 5:07-cr-00513-JF   Document 2   Filed 08/28/2007   Page 6 of 12
USDC OHND 245B (Rev. 9/00) Sheet 3a - Additional Co   , of Supervision

Judgment-Page 4 of 5

DEFENDANT: **ROGERS, URI A.**
CASE NUMBER: **5:01CR0153-01**

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

_____   The defendant shall reside in a community treatment center, halfway house, or similar facility for a period of _____ Days/months to begin not later than _____ . (Work/medical release privileges granted).

_____   The defendant is committed to the custody of the Bureau of Prisons for _____ Months. It is recommended that the Comprehensive Sanctions Center be designated as the place of confinement.

_____   Upon release from the imprisonment portion of this sentence, the defendant shall be placed on supervised release for _____ Years. (Split-Sentence)

_____   The defendant shall participate in the Home Confinement Program with / without Electronic Monitoring for a period of _____ Days/months beginning no later than 30 calendar days from sentencing. You are required to remain in your residence unless you are given permission in advance by your Probation Officer to be elsewhere. You may leave your residence to work, to receive medical treatment and to attend religious services. You shall wear an electronic monitoring device, follow electronic monitoring procedures and submit to random drug/alcohol tests as specified by the Probation Officer. The defendant may participate in the Earned Leave Program under terms set by the Probation Officer. The defendant shall be required to pay the cost of the Home Confinement Program as directed by the Probation Officer.

_____   The defendant is not required to pay the costs associated with the Home Confinement Program.

_____   The defendant shall perform _____ Hours of community service as directed by the Probation Officer.

_____   The defendant shall reside and participate in a residential drug treatment program as instructed by your Probation Officer, until discharged by the facility and as approved by your Probation Officer.

_____   The defendant shall participate in, and successfully complete, a cognitive restructuring program as instructed by your Probation Officer.

__X__   The defendant shall participate in an outpatient program approved by the U.S. Probation Office for the treatment for drug and/or alcohol abuse which will include testing to determine if the defendant has reverted to substance abuse.

_____   The defendant shall participate in an outpatient mental health program as directed by the Probation Officer.

_____   The defendant shall permit his Probation Officer to conduct random searches and examinations of any personal computer/computing systems utilized by the defendant. The defendant shall assist such searches by providing all passwords and password phrases, together with all other information necessary to enable access to any and all computer files.

_____   The defendant shall provide the Probation Officer access to any requested financial information.

_____   The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the payment schedule.

Case 5:07-cr-00513-JF   Document 2   Filed 08/28/2007   Page 7 of 12
USDC OHND 245B (Rev. 9/00) Sheet 5, Part B - Sched. ..yments

Judgment-Page 5 of 5

DEFENDANT: **ROGERS, URI A.**
CASE NUMBER: **5:01CR0153-01**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [X]  **special assessment of $ 100 is due in full immediately on count(s) 1 ;**

B  [ ]  Lump sum payment of $_____ due immediately, balance due
    [ ] not later than _____ , or
    [ ] in accordance with ____ C, ____ D, or ____ E below; or

C  [ ]  Payment to begin immediately (may be combined with ____ C, ____ D, or ____ E below); or

D  [ ]  payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of This judgment; or

E  [ ]  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release From imprisonment to a term of supervision; or

F  [ ]  Special instructions regarding the payment of criminal monetary penalties:


The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.
**PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

[ ]  Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:


[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):


[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Hemann, Termed

# U.S. District Court
## Northern District of Ohio (Akron)
## CRIMINAL DOCKET FOR CASE #: 5:01-cr-00153-PRM All Defendants
### Internal Use Only

Case title: USA v. Rogers
Other court case number: 2:01-mj-00148 SDOH INTERIN

Date Filed: 04/04/2001
Date Terminated: 10/02/2001

Assigned to: Hon. Paul R. Matia

**Defendant**

**Uri A Rogers** (1)
*TERMINATED: 10/02/2001*

represented by **Patricia A. Snyder**
4403 St. Clair Avenue
Cleveland, OH 44103
216-361-0102
Email: psnyder@raex.com
*TERMINATED: 10/02/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Pending Counts**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**

21:841(b)(1)(B) Distribution of cocaine base (crack cocaine)
(1)

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

**Disposition**

Deft is hereby committed to the custody of U.S. BOP for a term of (80) months.

**Disposition**

Northern District of Ohio - Docket Report    Case: 5:07-cr-00513-JF    Document 2    Filed 08/28/2007    Page 9 of 12
https://ecf.ohnd.circ6.dcn/cgi-bin/DktRpt.pl?367532081999731-L_...

## Plaintiff

**United States of America**                   represented by **Samuel A. Yannucci**
Office of the U.S. Attorney - Akron
Northern District of Ohio
208 Federal Bldg.
2 South Main Street
Akron, OH 44308
330-375-5716
Fax: 330-375-5561
Email: sam.yannucci@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/04/2001 | 1 | INDICTMENT by USA Counts filed against Uri A Rogers (1) count(s) 1 ( 2 pgs) (S,R) (Entered: 05/04/2001) |
| 04/04/2001 |   | ASSIGNMENT OF MAGISTRATE JUDGE to Mag. Judge Patricia A. Hemann pursuant to Local Rule 57.9 assignment of cases. In the event of referral, this case will be referred to the Magistrate Judge noted. (pgs: 1) (S,R) (Entered: 05/04/2001) |
| 04/04/2001 | 2 | PRAECIPE by plaintiff USA: warrant for arrest of defendant issued on 4/4/01 (1 pg) (S,R) (Entered: 05/04/2001) |
| 04/04/2001 | 3 | ORDER by Judge Paul R. Matia: case sealed and to be unsealed upon arrest 1 pg (S,R) (Entered: 05/04/2001) |
| 05/11/2001 | 4 | RULE 40 Documents received from Southern District of Ohio, Columbus as to defendant Uri A Rogers ( 7 pgs) (S,R) (Entered: 05/14/2001) |
| 05/23/2001 | 5 | MINUTES: before Mag. Judge Patricia A. Hemann; dft Uri A Rogers arraigned; N/G to ct 1 plea entered; Atty Jacqueline Johnson present FOR TODAY ONLY; CJA counsel to be appointed; detention hrg set for 1:30 p.m. on 5/29/01. Court reporter: Julie Knabe (issd 5/23/01) (1 pg) (W,Gloria) Modified on 10/01/2001 (Entered: 05/23/2001) |
| 05/29/2001 | 6 | MINUTES: before Mag. Judge Patricia A. Hemann; detention hrg held on 5/29/01 as to Uri A Rogers. Court reporter: Julie Knabe (issd 5/29/01) (1 pg) (W,Gloria) Modified on 10/01/2001 (Entered: 05/29/2001) |
| 05/30/2001 | 7 | ORDER of Detention by Mag. Judge Patricia A. Hemann as to Uri A Rogers ( Iss: 5/30/01) (1 pg) (W,Gloria) Modified on 10/01/2001 (Entered: 05/30/2001) |
| 05/31/2001 | 8 | CJA Form 20 (Appointment of Counsel) by Mag. Judge Patricia A. Hemann; Attorney Patricia A. Snyder appointed. ( 1 pgs) (W,Gloria) |

| | | (Entered: 05/31/2001) |
|---|---|---|
| 06/05/2001 | 9 | MINUTES: before Judge Paul R. Matia First atty conf held; disc to be completed by 6/25/01; pretrial motions to be filed by 7/2/01 with responses due 7/9/01; final pretrial at 3:15 p.m. on 7/9/01; & trial at 10:30 a.m. on 7/16/01 for Uri A Rogers (issued on 6/5/01) 2 pg(s) (M,J A A) (Entered: 06/06/2001) |
| 06/05/2001 | 10 | PRETRIAL ORDER by Judge Paul R. Matia scheduling trial on 7/16/01 at 3:15 p.m.; final pretrial on 7/9/01 at 10:30 a.m.; discovery to be complete by 6/25/01; pretrial motions to be filed by 7/2/01 & responses to be filed by 7/9/01; trial documents to be submitted to the Cout not later than 4:00 p.m. on 7/13/01 as to Uri A Rogers (issued on 6/5/01) 5 pg(s) (M,J A A) (Entered: 06/06/2001) |
| 07/09/2001 | 11 | MINUTES: before Judge Paul R. Matia; Dft Uri A Rogers arraigned; Guilty plea entered to Ct 1; Atty Patricia Snyder present; Dft referred for PSI; Sent sched 10/2/01 at 9:00 a.m. Court reporter: Lori Klinger (issd) (2 pgs) (E,P) Modified on 10/01/2001 (Entered: 07/10/2001) |
| 07/09/2001 | 12 | PLEA Agreement as to Uri A Rogers by Judge Paul R. Matia (12 pgs) (E,P) Modified on 10/01/2001 (Entered: 07/10/2001) |
| 07/17/2001 | 13 | ARREST Warrant returned executed as to deft Uri A Rogers; defendant arrested on 5/8/01 ( 1 pg) (E,P) (Entered: 07/17/2001) |
| 10/02/2001 | 14 | MINUTES: before Judge Paul R. Matia as to deft Uri A Rogers Court reporter: Marian Banno (issued) 2 pg(s) (E,P) (Entered: 10/02/2001) |
| 10/02/2001 | 15 | JUDGMENT and Commitment issued to U.S. Marshal as to dft Uri A Rogers sentencing dft Uri A Rogers (1) count(s) 1. Deft is hereby committed to the custody of U.S. BOP for a term of (80) months; Dft shall participate in outpatient program case dismissed. Deft is hereby committed to the custody of U.S. BOP for a term of (80) months; S/A $100.00 case terminated by Judge Paul R. Matia ( 5 pgs) (E,P) (Entered: 10/02/2001) |
| 11/27/2001 | 16 | JUDGMENT and Commitment returned executed on 11/19/01 deft Uri A. Rogers (1) delivered to FCI, Elkton as to count(s) 1 ( 1 pg) (seal) (Entered: 11/27/2001) |
| 08/22/2007 | 17 | Supervised Release Jurisdiction Transferred to ND CA as to Uri A Rogers. Transmitted certified copies of Transfer of Jurisdiction form, indictment, judgment and docket sheet. (C,KA) (Entered: 08/22/2007) |
| 08/22/2007 | 18 | Letter to NDCA transferring jurisdiction as to Uri A. Rogers (related doc 17). (C,KA) (Entered: 08/22/2007) |

I hereby certify this instrument is a true and correct original on file in my office.
___, Clerk

Kelly A. Copland

FILED
07 AUG 10  PM 4:57
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **I N D I C T M E N T** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | 1 53 |
| | ) | |
| | ) | CR.NO._____ |
| URI A. ROGERS, | ) | Title 21, Sections |
| | ) | 841(a)(1) and (b)(1)(B), |
| Defendant. | ) | United States Code |
| | ) | |

JUDGE MATIA

**COUNT 1**

The Grand Jury charges:

On or about August 4, 2000, in the Northern District of Ohio, Eastern Division, URI A. ROGERS did knowingly and intentionally distribute approximately 17.30 grams of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of Title 21, Sections 841(a)(1) and 841(b)(1)(B), United States Code.

- 2 -

**SPECIFICATION**

The Grand Jury further finds that URI A. ROGERS was previously convicted of a felony drug offense, to wit: Possession of Cocaine, on or about September 8, 1999, in the Court of Common Pleas, Stark County, Ohio, Case No. 1999 CR 0342. Accordingly, the United States gives notice pursuant to Title 21, United States Code Section 851, that should an adjudication of guilt be entered against URI A. ROGERS on Count 1 of the within indictment, the United States will invoke the penalty enhancement provisions of Title 21, Section 841(b)(1)(B), United States Code.

A True Bill.

_____
FOREPERSON

_____
EMILY M. SWEENEY
UNITED STATES ATTORNEY